UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-708 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER OF TRANSFER |
| EARNEST SYLVER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On July 23, 2025, the Court received correspondence from defendant Earnest Sylver ("defendant" or "Sylver"), in which he requests that the Court "correct [an] error" he perceives occurred during sentencing, recalculate his total offense level under the federal sentencing guidelines, and resentence him to a 120-month custody term (minus time served). (Doc. No. 60, at 1.) Due to the requested relief, the Court construes the correspondence as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because it represents Sylver's second such motion, it is transferred to the Sixth Court of Appeals.

I.   BACKGROUND

On April 26, 2023, Sylver entered an open plea of guilty to one count of knowingly receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Minutes of Proceedings [non-document], 4/26/2023.) On September 25, 2023, the Court sentenced Sylver to a custody term of 168 months for each count, to be served concurrently, for an aggregate term of

168 months. (Doc. No. 29 (Judgment); Doc. No. 31 (Amended Judgment); *see* Minutes of proceedings [non-document], 9/25/2023.) The Court began with a calculation under the advisory sentencing guidelines. With a total offense level of 34 and a criminal history category of III, the Court determined that the advisory sentencing guidelines range was 188 to 235 months. (Doc. No. 40 (Sentencing Hearing Transcript), at 7; *see also* Doc. No. 24 ¶¶ 31, 55, 88.) The Court then varied downward one level to arrive at its sentence. (Doc. No. 40, at 33–34; *see* Doc. No. 30 (Statement of Reasons), at 3–4.)

On September 4, 2024, Sylver filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he raised eight separate grounds for relief, several of which related to sentencing. (Doc. No. 32.) He subsequently sought leave to amend his motion to vacate by adding two additional grounds, one of which related to the application of the federal sentencing guidelines. (Doc. No. 53.) After conducting an evidentiary hearing on the limited question of whether defense counsel ignored an explicit instruction to file a notice of appeal, the Court denied the motion to vacate and the motion to amend. (Doc. Nos. 58, 59; *see* Doc. No. 56.)

## II. LAW AND DISCUSSION

By the present motion to vacate, defendant seeks correction of his sentence and/or resentencing. A sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, the basis for such authority must be grounded in statute or rule of law. While Rule 36 of the Federal Rules of Criminal Procedures allows a sentencing court to correct a *clerical* error in a judgment, Sylver has not suggested that the Court's judgment suffers from a clerical error resulting from oversight or omission. *United States v. Carr*, 421 F.3d 425, 432 (6th Cir. 2005); *see* Fed. R. Crim. P. 36.

Accordingly, relief is not available based on this rule of criminal procedure.

Section 2255 permits a federal prisoner to petition the trial court to vacate, set aside, or correct his sentence under certain circumstances, including that his "sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255. But Sylver has previously sought relief from his judgment pursuant to § 2255. An individual seeking to file a second or successive motion under § 2255 must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998).

As the Sixth Circuit has explained, however, "not all second-in-time petitions are 'second or successive'" for purposes of § 2244(b). *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017). Recently, the Supreme Court clarified that second-in-time petitions are barred "unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, 599 U.S. 465, 469, 143 S. Ct. 1857, 216 L. Ed. 2d 471 (2023) (quoting 28 U.S.C. § 2255). Sylver's present motion—asserting an error in the application of the federal sentencing guidelines—does not fall within the not-second-or-successive exceptions identified by the Supreme Court that would obviate the need for prior permission from the court of appeals. *See id*. 467–71.

While the Court expresses no opinion on the likelihood of success of the underlying motion, because Sylver has not sought permission from the Sixth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction to consider the instant filing. *See Burton v. Stewart*, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding district court lacked jurisdiction to review new petition because it was successive and therefore required authorization).

Sylver must first secure permission from the Sixth Circuit to proceed. *See, e.g., Ardd v. Harrison*, 2:24-cv-2324, 2024 WL 3975896, at *3 (W.D. Tenn. Aug. 28, 2024) (treating second-in-time petition alleging error in application of sentencing guidelines as requiring prior approval by the Sixth Circuit); *Muslim v. United States*, Nos. 2:08-cr-238, 2:10-cr-64, 2:10-cr-65, 2019 WL 5419433, at *2 (S.D. Ohio June 12, 2019) (rejecting argument that Fourth Circuit decision constituted a newly discovered fact that could not have been discovered prior to the decision).

### III. CONCLUSION

Accordingly, the Court orders the Clerk of Court to transfer the present filing to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether Sylver may file a second or successive motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Dated: August 15, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**